# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE BOYD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-711-WDS |
| | ) |
| **SARA REVELL,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner Willie Boyd, an inmate in the Federal Correctional Institution at Greenville, Illinois , brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1998 conviction in the United States District Court for the Eastern District of Missouri.[1]  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Boyd is not entitled to relief, and the petition must be dismissed.

---

[1] The 97-page petition, supported by a 33-page memorandum, is accompanied by 883 pages of exhibits entitled Appendices AA, A, A1-A40, Appendix C, Appendix D, Appendix E, Appendix G, and Appendix M.  A list of appendices at the beginning of Appendix AA lists 20 other appendices, but those appendices and related exhibits are nowhere to be found in the case file.

Following a bench trial, Boyd was convicted on several counts involving distribution of cocaine, being a felon in possession of a firearm, use of false social security numbers, and violations of the reporting requirements involving currency transactions. *United States v. Boyd*, Case No. 97CR301 (E.D. Mo., filed Aug. 8, 1997). He was sentenced to an aggregate term of 276 months, which he appealed. On appeal to the Eighth Circuit, his conviction and sentence were affirmed. The Eighth Circuit specifically held that

> (1) officers engaged in valid protective sweep when arresting defendant in his girlfriend's home; (2) officer was not required to readvise defendant of his Miranda rights based merely on existence of a one and one-half or two hour delay between defendant's having been given his rights and officer's questioning of him while he was being transported to jail; (3) evidence supported finding that defendant had constructive possession of firearms forming basis for charges of being felon in possession of a firearm; (4) sufficient evidence of constructive possession and intent to distribute existed to support conviction of possession with intent to distribute cocaine; (5) conviction of causing the filing of false currency transaction reports (CTR) was supported by evidence that defendant knowingly presented a false Missouri driver's license under an alias to gambling boat knowing that the information contained thereon would be used to file CTRs; (6) all counts were properly joined in single indictment, and refusal to sever counts was not prejudicial; (7) prosecutor did not violate defendant's Sixth Amendment right of compulsory process by advising trial court that he believed proposed defense witnesses should be appointed counsel; and (8) defendant did not establish that prosecutor engaged in intimidation of witnesses.

*United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999).

Less than a year later, Boyd filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255, which was denied. *Boyd v. United States*, Case No. 00-cv-985-SNL (E.D. Mo., filed June 15, 2000). He appealed, but his request for issuance of a certificate of appealability was denied. *Boyd v. United States*, Appeal No. 01-1671 (8th Cir., filed March 8, 2001). He states, further, that he sought leave to file a second or successive motion under § 2255; that request also was denied. *Boyd v. United States*, Case No. 05-1522 (8th Cir., 2005).

What Boyd neglects to mention, however, is that he previously filed another habeas corpus petition in this District. *Boyd v. Revell*, Case No. 05-cv-209-MJR (S.D. Ill., filed March 5, 2005). In that action, Boyd challenged another aspect of his sentence under the holdings of *Shepard v. United States*, 544 U.S. 13 (2005). As explained to Boyd in that case by the Honorable Michael J. Reagan, and reiterated succinctly by the Seventh Circuit,

> A federal prisoner can challenge his conviction under § 2241 **only** when § 2255 is inadequate or ineffective. 28 U.S.C. § 2255 ¶ 5. We have held that for ¶ 2255 to be inadequate or ineffective, the claim must rely on a change in law that post-dates the movant's first ¶ 2255, the claim cannot meet the requirements of filing a second or successive motion, **and the change in law must result in a conviction for a nonexistent offense**. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 61 (7th Cir. 1998).

*Boyd v. United States*, Appeal No. 06-3569 (7th Cir., filed Sept. 26, 2006) (emphasis added). *See also Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood).").

The exact same principles apply in the instant case. Boyd does not suggest that the charged conduct is no longer a crime. To the contrary, he alleges that ATF Agent James Green concealed and withheld over 1000 pages of investigatory documents that should have been disclosed as Jencks materials; he believes these materials somehow undermine the testimony of the government's witnesses and would thus establish his "actual innocence" of the crimes for which he was convicted.[2] Whether his contentions have merit or not, proof of these accusations have no bearing on whether Boyd is "actually innocent" of the charges, as that term is defined by the Seventh Circuit. If Boyd

---

[2] Boyd concedes, though, that he raised this issue in his first § 2255 motion, which was summarily denied (*see* Doc. 1 at 31-32).

were to admit to everything contained in the indictment, he would be admitting to actions that clearly constitute federal crimes.

Therefore, the Court finds that § 2255 is not "an inadequate or ineffective remedy," and this § 2241 petition qualifies as an attempt to circumvent the procedural limitations governing motions under § 2255. Accordingly, because Section 2241 cannot provide Boyd with the desired relief, this action is summarily **DISMISSED** for lack of jurisdiction. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: April 16, 2007.**

                                      **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**