IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE BOYD, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-711-WDS |
| | ) |
| SARA REVELL, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

      This action is before the Court to rule on Petitioner's motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 11). Such a motion may only be granted if movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

      In his motion, Petitioner first takes issue with the Court's comment regarding documents missing from his voluminous appendices. As support for his claim that all documents contained on the index were filed, he relies upon a letter from the Deputy Clerk confirming receipt of six volumes of appendices. Six volumes of appendices is exactly what the Court itemized in its prior order, but the Court now clarifies these volumes as titled by Petitioner:

- Volume 1: Appendix AA, Appendix A through A-40
- Volume 2: Appendix C
- Volume 3: Appendix D
- Volume 4: Appendix E

- Volume 5: Appendix G
- Volume 6: Appendix M

It appears that all Petitioner's documents are present, as listed. What is confusing is his numbering system, where he lists only appendices AA and "A through A-40" on the cover of volume 1, and he only identifies the other documents with a typed notation at the bottom of the first page of that document (*e.g.*, "Appendix-B"). Therefore, his contention that his pleadings have been tampered with is completely without merit.

Petitioner next takes issue with the Court's reference to his memorandum in support of his petition. He argues that his memorandum (Doc. 6) was filed in support of his motion "to invoke the process of discovery" and for production of certain documents (Doc. 5). He is correct, but this is a moot point.

Finally, Petitioner challenges the merits of the Court's ruling, arguing that he *should* be allowed to present his claims under § 2241. Petitioner is wrong. Therefore, upon review of the record, the Court remains persuaded that its ruling dismissing the case for lack of jurisdiction was correct, and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 14, 2007.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**